■ LOUIS J. CASTELLANO, JR., P. C., et al., Respondents, v HOME INSURANCE COMPANY et al., Appellants.—In an action for a judgment declaring (1) the invalidity of a notice of nonrenewal of an insurance policy, and (2) the validity of the policy, and to recover damages, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated June 26, 1990, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

In June 1986, the senior underwriter at the defendant Professional Liability Underwriting Managers (hereinafter PLUM) instructed the defendant Bertholon-Rowland Corp. (hereinafter BRC), an agent of the defendant Home Insurance Company (hereinafter Home), to write to the plaintiffs, an attorney and his professional corporation, informing them that their professional liability policy with Home would not be renewed. The termination date of the policy was August 7, 1986. In May 1988, almost two years after the termination date, the plaintiffs commenced this action, seeking, among other things, declaratory relief, and, after the completion of discovery, the defendants moved for summary judgment dismissing the complaint for failure to state a cause of action. The court denied the motion on the ground that a question of fact was raised by the plaintiffs' papers concerning the forwarding of a renewal kit to the plaintiffs prior to the termination date of the policy. We disagree.

The plaintiffs never showed that that they acted on the renewal kit or submitted application forms. There is no authority for the proposition that the forwarding of a renewal kit, without more, precludes an insurer from terminating a policy by notice of nonrenewal and thereby requires a notice of cancellation (cf., Insurance Law § 3426). Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.